# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL DOCKET NO.: 3:97CR333-V

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **LEROY J. KELLY,** | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court upon post-conviction motions filed by Defendant entitled: 1) "Motion for Temporary Restraining Order With Injunction And Show Cause Order," 2) "Supplemental Motion For Relief From Judgement[sic] / Order (Rule 60b) To Motion For Temporary Restraining Order," 3) "Motion for Petition Of Writ Of Mandamus Compelling District Court To Temporarily Restrain Federal Bureau Of Prisons From Withholding Earnings ...," 4) "Motion For Sanctions Against United States Marshal's Service ..." 5) "Processing Instructions," 6) "Notice Of Fault And Opportunity To Cure And Contest Acceptance," and two (2) Affidavits prepared by the Defendant Kelly. (Documents ##63-69)

## I. Background

Defendant was charged in an eleven-count Bill of Indictment filed on December 1, 1997. (Document # )  On April 2, 1998, Defendant pled guilty to Counts One, Three, and Seven – violations of 18 U.S.C. §371 (conspiracy to interfere with commerce by threats or violence), as well as two violations of 18 U.S.C. §924(c) (possession of a firearm in relation to a crime of violence), and 18 U.S.C. § 2 (aiding and abetting).  The Indictment alleged that the object of the conspiracy charged in Count One was the attempt to commit armed robbery of several restaurants, supermarkets, and convenience stores in violation of the Hobbs Act, 18 U.S.C. §1951.  Defendant was sentenced to a term of 312 months (Count One - 12 months; Count Three - 60 months, *consecutive*; Count Seven - 240 months, *consecutive*).

Defendant's counsel did not initially pursue a direct appeal. This Court authorized relief for counsel's omission pursuant to 28 U.S.C. §2255 and United States v. Peak, 992 F.2d 39 (4th Cir.1993).[1] (Document #44) An Amended Judgment was issued on August 20, 2002 for purposes of permitting appeal. (Document #46) In his direct appeal, Defendant challenged the constitutionality of the Hobbs Act (alleged object of the Section 371 conspiracy offense), as applied to his case. The Fourth Circuit affirmed Defendant's conviction and sentence on July 30, 2004. The Fourth Circuit found that the jurisdictional nexus was easily satisfied, and that Defendant's other challenges were foreclosed by his guilty plea . (Documents ##48, 49) Defendant's Petition for writ of certiorari was likewise denied. (Document #50)

Defendant Kelly now seeks relief from certain terms of his imprisonment.

## II. Discussion

As a general rule, absent very narrow circumstances, once judgment is imposed, judgment is deemed final. *See* 18 U.S.C. §3582(b).

**A. Method Of Payment / Restitution**

Defendant challenges the Federal Bureau of Prison's ("BOP") withholding of prison earnings and the Court's delegation of authority to the BOP for collection and payment of restitution and fines as unlawful. (Documents #63, #64) More specifically, Defendant challenges the Court's failure to expressly articulate a payment plan at sentencing. Relying on United States v. Miller, 77 F.3d 71 (4th Cir. 1996), and United States v. Johnson, 48 F.3d 806 (4th Cir. 1995), Defendant moves the Court to set aside his order of restitution altogether because the Court failed to retain the final authority over the setting of and modifications to the payment schedule for restitution upon recommendation of the Probation Office and Bureau of Prisons. Defendant also requests that he be resentenced and that all prison earnings previously withheld by the BOP be reimbursed.

---

[1] *See* the Court's Order granting Defendant's Motion to Vacate, Set Aside or Correct Sentence for purposes of permitting direct appeal. (Document #44 / or 3:00CV2)

**Page 5** of Defendant's Judgment and Commitment Order, simply states that payment of criminal monetary penalties shall be paid in full immediately. No provision was made concerning a payment schedule. Accordingly, no provision was made for the Court to retain authority over a payment schedule. Defendant is correct to note, however, that Miller and Johnson instruct that a district court cannot delegate its authority to set the amount and time of monetary penalties to the Bureau of Prisons or Probation Office, as this duty is a core judicial function that is non-delegable. Miller, 77 F.3d at 78; Johnson, 48 F.3d at 808-09. It would have been appropriate, therefore, for the Court to provide for a payment schedule with retained authority over it as to the period of supervised release, if any, following incarceration.[2]

The Court finds, however, that Defendant was properly sentenced to pay $15,613.08 in restitution and, therefore, the obligation to pay this amount will not be altered. The Court has considered the characteristics of the Defendant, including his financial resources and assets, financial obligations, projected earnings, other income, age, education, health, dependents, and work history and finds that the plan set forth below is feasible. Throughout the period of supervision, the Probation Officer shall consider the Defendant's economic circumstances as they pertain to the Defendant's ability to pay any monetary penalty ordered, and shall notify the Court of any material changes, with modifications recommended, as appropriate.[3]

The request for an injunction is denied because it appears undisputed that the only action being taken by the BOP comes under the general authority of BOP to administer the IFRP and not

---

[2] This does not mean that the BOP lacks the authority to administer its Inmate Financial Responsibility Program ("IFRP"), which encourages and assists inmates with developing a financial plan for satisfaction of federal obligations. To the extent a federal prisoner disagrees with payments set up by a case manager in accordance with the IFRP and consistent with the governing Judgment and Commitment Order, the federal prisoner must still exhaust his administrative remedies within the BOP before seeking any relief from the district court.

[3] The Court notes that the amendment of Defendant's judgment with respect to the payment plan following release may never result in any actual benefit to the Defendant given Defendant's lengthy sentence.

under any illegal delegation of authority imposed by this Court. The Court finds that a resentencing hearing is not necessary. Similarly, Defendant is not entitled to reimbursement of previously withheld prison earnings.

**B. Miscellaneous**

Defendant next complains that his Judgment & Commitment Order was not actually signed by the United States Marshal Service Deputy or any other employee of the United States Marshal's Service such that service was lawful. (Document #66) According to Defendant, the Judgment & Commitment Order must be stricken from the record as void pursuant to FED. R. CIV. P. 11(b). However, even if Defendant Kelly was never served with a copy of his Judgment (which he self evidently has in his possession), the Federal Rules of Civil Procedure do not govern criminal process. This group of motions is denied.

Defendant Kelly's later filings purport to satisfy his outstanding monetary obligation in the amount of $3,016,000 via "Registration of Exemption and International Bill of Exchange." (Documents #68, #69) Kelly even provides the Court with detailed processing instructions. (Document #67) To the extent these filings can be construed as a motion, each is denied as lacking in merit.

### III. Order

**IT IS, THEREFORE, ORDERED THAT:**

1) Defendant's motion is hereby **GRANTED in part** and **DENIED in part**. Defendant's motion is **granted** with respect to his request that the Court include within the Judgment and Commitment Order a feasible payment plan for purposes of Defendant's restitution payments upon release from prison and that the District Court should retain ultimate decision-making authority over the method and manner of payment of the restitution amount during supervised release. Defendant's motion is **denied** in all other respects;

2) The Clerk of Court shall amend Defendant's judgment, which judgment shall maintain

all terms and conditions of the previous judgment except with respect to the schedule of payments, which shall read:

    A    __X__ payable in full immediately;

    . . .

    D    __X__ During the period of supervised release, and within sixty days immediately after commencement of supervised release, if the restitution obligation has not been theretofore paid, the probation officer will examine Defendant's earnings potential, assets and other financial data and recommend a payment schedule to the Court, which will then rule on the question of an appropriate payment schedule. Thereafter, the Court will retain supervisory authority over the method and manner of the restitution payments.

3) Defendant's request for an injunction is **DENIED**; and

4) As to the other holdings hereinabove announced, it is **SO ORDERED**.

5) The Clerk of Court shall send a copy of this Order to the Defendant, the U.S. Attorney, U.S. Probation, and the Bureau of Prisons.

                                              Signed: January 27, 2011

*/s/ Richard L. Voorhees*
                                        Richard L. Voorhees
                                        United States District Judge