# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:97cr333

| LEROY JOSEPH KELLY, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| Vs. | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court on petitioner's "Motion to Modify Sentence Under 18 U.S.C. § 3582(1)(B) [§ 3582(b)(1)] " (#74), which the court deems to be a successive Motion to Vacate, Set Aside, Or Modify Sentence under 28, United States Code, Section 2255. For the reasons stated herein, the petitioner's Motion to Vacate will be dismissed.

In reviewing the record, the court notes that petitioner filed a previous Motion to Vacate, Set Aside or Correct Sentence (#42) on January 5, 2000, which was granted in part and denied in part by Order (#44) entered April 30, 2002. Petitioner's previous § 2255 filing makes the instant filing a second or successive petition under the *Antiterrorism and Effective Death Penalty Act* ( hereinafter the "AEDPA"). See 28 U.S.C. § 2255. The AEDPA requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." before it can be filed in the district court. Id. "Before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, this court may not consider the merits of petitioner's claims because he failed to first seek authorization from the Court of Appeals for

-1-

the Fourth Circuit before filing it in this court.

Even if the court had jurisdiction to hear this claim, it is without merit. A district court may modify a term of imprisonment only in limited circumstances. See 18 U.S.C. § 3582(b) & (c). Specifically, "a district court 'may not modify a term of imprisonment once it has been imposed' unless the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 *expressly* permits the court to do so." United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010) (quoting 18 U.S.C. § 3582(c)). None of these circumstances is applicable in the present case.

First, the Bureau of Prisons has not moved for a reduction of the petitioner's sentence. See 18 U.S.C. § 3582(c)(1)(A). The petition fails to meet the first circumstance.

Second, 18 U.S.C. § 3582 provides that the court may modify a petitioner's sentence if the petitioner was sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Reading the motion in a light most favorable to petitioner, after arguing that he wishes to make amends to the victims of his offenses, he requests that the court run the remainder of his federal sentence concurrent with his state sentence. Thus, Section 3582(c)(2) does not serve as a basis to reduce the petitioner's sentence.

Third, and finally, Rule 35 is not applicable to this case and therefore cannot serve as a basis to reduce the defendant's sentence and there is no federal statute that expressly permits the modification of defendant's sentence.

Thus, defendant would not be entitled to a sentence reduction pursuant to § 3582(c) if the merits had been reached.

**ORDER**

**IT IS, THEREFORE, IT IS HEREBY ORDERED** that petitioner's "Motion to Modify Sentence Under 18 U.S.C. § 3582(1)(B) [§ 3582(b)(1)] " (#74), which the court deems to be a successive Motion to Vacate, Set Aside, Or Modify Sentence under 28, United States Code, Section 2255, is **DISMISSED** without prejudice as this court lacks jurisdiction to consider such petition as petitioner failed to receive authorization from the Court of Appeals for the Fourth Circuit before filing it in this court.

**Declination of a Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: September 6, 2011

Max O. Cogburn Jr.
United States District Judge

-3-