UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13cv276 & 3:97-cr-00333-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **LEROY JOSEPH KELLY,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on a letter (#90) (filed in 3:97cr333) from defendant dated April 14, 2013, and received in chambers June 14, 2013, and also before the court on petitioner's "Petition for Reconsideration of Motion Under 28 U.S.C. 2255" (#4) (filed in 3:13cv276). Inasmuch as both pleadings question the wisdom of the court's Order dismissing his Section 2255 petition as time barred, they will both be addressed in this Order.

In the letter defendant questions orders predating this court's May 5, 2013, Screening Order (#86). In those earlier Orders, the court found defendant's earlier motions to be second or successive petitions. As made clear in the Screening Order (#86), the court reconsidered those previous orders and conducted a substantive review of his § 2255 petition based on defendant's contention that Judge Voorhees' April 30, 2002, Order (#44) on hiss original § 2255 claim dismissed such claim without prejudice pending defendant's exhaustion of claims on direct review.

As provided in the Screening Order, defendant exhausted his direct appeal on November 29, 2004, when the United States Supreme Court denied the petition for certiorari. See FCCA Order (#50). With his direct appeal exhausted, defendant had one year within which to file a

1

Section 2255 petition; however, defendant made no filing until August 1, 2007, well beyond the time allowed under Section 2255(f). The events of which defendant complains, i.e., a subsequent prosecution in the state courts of Virginia, all occurred not later than 200.  Thus, while not a second or successive petition based on Judge Voorhees allowance, petitioner's subsequent Section 2255 requests are all time barred for the reasons discussed in the Screening Order.

To the extent defendant requests the court to reconsider the declination of a certificate of appealability, defendant has not demonstrated that the dispositive procedural ruling is debatable *and* that the petition states a debatable claim of the denial of a constitutional right.  In substance, defendant appears to contend that within one year of sentencing in 1999, the federal government violated the plea agreement and a non-attribution agreement when state authorities in Virginia allegedly prosecuted him based on information he had revealed to the United States under a non-attribution agreement.  In his letter, defendant states "I am not dissatisfied with my federal sentence," but "how do I rid myself of this state sentence?"  Letter (#90) at 2 & 4.  As discussed in previous Orders, while Kastigar and perhaps Santobello v. New York, 404 U.S. 257 (1971) provide a mechanism for determining whether a plea agreement or non-attribution agreement has been breached, those remedies are also time barred as they are subject to the AEDPA time limits, just as any Section 2255 motion, because the motion attacks the judgment.  See United States v. Griffin, 451 Fed.Appx. 706 (9th Cir. Oct. 5, 2011).

If defendant is contending that his 2000 state conviction in the Commonwealth of Virginia was obtained in violation of federal statutory or constitutional rights, his remedy does not lie with this federal court in North Carolina as it has no authority under 28 U.S.C. § 2254 to review habeas corpus matters concerning imprisonment imposed by states other than North Carolina.  Instead, defendant's remedy - - if not also there barred under §2244(d) - - is to exhaust

his state remedies and then make application to the federal court in the appropriate district in Virginia. See Rule 2(b), Rules Governing 28 U.S.C. § 2254 (providing a method for a person not presently in state custody to bring a Section 2254 action). Review of the docket of the United States Court for the Eastern District of Virginia reveals, however, that defendant is already aware that his remedy lies elsewhere, as he has previously filed a Section 2254 petition in the United States Court for the Eastern District of Virginia, see Kelly v. Warden, 3:09cv243 (E.D.Va. Aug. 6, 2009), challenging the same state-court conviction he has attempted to challenge here. Review of that docket reveals that such petition was dismissed for failure to pay the required fee or return the IFP affidavit. Id., Petition (#1).

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's letter (#90) (filed in 3:97cr333), deemed to be a motion for reconsideration, and Petition for Reconsideration (#4) (filed in 3:13cv276) is **GRANTED**, and after further consideration of the defendant's arguments, the court **REAFFIRMS** its previous Orders (#86 and #89).

The Clerk of Court shall send a copy of this Order to AUSA Ray.

Signed: June 24, 2013

Max O. Cogburn Jr.
United States District Judge