# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL CASE NO. 3:16-cv-00465-MOC
## (CRIMINAL CASE NO. 3:97-cr-00333-MOC-1)

| | |
|---|---|
| **LEROY JOSEPH KELLY,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and the Government's Motion to Dismiss Petitioner's Motion to Vacate [CV Doc. 27]. Petitioner is now proceeding *pro se* after having requested the removal of his post-conviction counsel with the Federal Defenders of Western North Carolina.

## I.     BACKGROUND

On December 1, 1997, Petitioner Leroy Joseph Kelly ("Petitioner") was charged in a Bill of Indictment with one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 371 (Count One); five counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Counts Two, Four, Six, Eight, and Ten); and five counts of aiding and abetting the use and carrying of a firearm in furtherance of a crime of violence, that is, the robberies charged in Counts Two, Four, Six, Eight, and Ten, respectively, in violation of 18 U.S.C. §§ 924(c) and 2 (Counts Three, Five, Seven, Nine, and Eleven). [CR Doc. 1: Bill of Indictment].

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:16-cv-00465-MOC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:97-cr-00333-MOC-1.

Petitioner agreed to plead guilty to Counts One, Three, and Seven, and, in exchange, the Government agreed to dismiss Counts Two, Four, Five, Six, Eight, Nine, Ten, and Eleven. [CR Doc. 14 at 1: Plea Agreement]. Petitioner pleaded guilty in accordance with his plea agreement. [CR Doc. 17: Entry and Acceptance of Guilty Plea]. Petitioner's sentencing hearing was held on January 7, 1999. Petitioner was sentenced to a term of imprisonment of 12 months for Count One, a term of imprisonment of 60 months on Count Three, to be served consecutively to the term imposed for Count One, and a term of imprisonment of 240 months on Count Seven, to be served consecutively to the terms imposed for Counts One and Three, for a total term of imprisonment of 312 months. [CR Doc. 27 at 2: Judgment]. Judgment on this conviction was entered on February 1, 1999. [Id.]. On September 8, 1999, Petitioner filed a motion for leave to file a late appeal from the Court's judgment, which the Court denied. [Docs. 33, 37].

On June 23, 2016, Petitioner filed the pending motion to vacate sentence under 28 U.S.C. § 2255, arguing that his conviction under 18 U.S.C. § 924(c) is invalid under Johnson v. United States, 135 S. Ct. 2551 (2015). [CV Doc. 1]. After conducting an initial review of Petitioner's § 2255 motion to vacate, the Court ordered the Government to respond. [CV Doc. 2]. Then, upon the request of the Government, this matter was stayed pending the Fourth Circuit's decision in United States v. Ali, No. 15-4433. [Docs. 7, 8]. The Fourth Circuit then ordered that Ali would be held in abeyance pending the Supreme Court's decision in United States v. Davis, No. 18-431. The Supreme Court decided Davis on June 24, 2019. On October 8, 2019, the Court granted Petitioner's motion for removal of post-conviction counsel. [CV Doc. 21]. As such, Petitioner is now proceeding *pro se*. Thereafter, the Court ordered the parties to show cause why the stay in this matter should not be lifted. [CV Doc. 24]. The Government agreed the stay should be lifted [CV Doc. 25], the Court lifted the stay [CV Doc. 26], and the Government timely filed its motion

2

to dismiss Petitioner's motion to vacate [Doc. 27]. Petitioner has not responded and the deadline for his response has expired.

This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). The Petitioner claims he is entitled to relief on these grounds because, under Johnson, his convictions on Counts Three and Seven were imposed in violation of the Constitution and laws of the United States. [CV Doc. 1]. Specifically, Petitioner contends that his § 924(c) convictions "for using a firearm in relation to a 'crime of violence' [are] void because the predicate offense of Hobbs Act robbery does not qualify as a 'crime of violence' in light of Johnson." [Id. at 2].

In Johnson, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that enhancing a sentence under the ACCA's residual clause violates due process. Johnson, 135 S. Ct. at 2563. The ACCA residual clause defined a "violent felony" to include any crime punishable by a term

of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Accordingly, under Johnson, a defendant who was sentenced to a statutory mandatory minimum term of imprisonment based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. The Supreme Court has held that Johnson applies retroactively to claims asserted on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Here, the Petitioner argues his § 924(c) convictions are invalid under Johnson. [CV Doc. 1 at 2-6]. Section 924(c) criminalizes the use of a firearm in furtherance of a "crime of violence." Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B).

In short, the Petitioner argues that because § 924(c)'s residual clause "is functionally indistinguishable from the ACCA' residual clause," which was found to be unconstitutionally vague, Petitioner's convictions for Hobbs Act robbery can qualify as § 924(c) "crimes of violence" only under the force clause. [CV Doc. 1 at 3-4]. Three years after the Petitioner filed his motion to vacate, the Supreme Court decided United States v. Davis, 139 S. Ct. 2319 (2019). In Davis, the Supreme Court specifically held the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S. Ct. at 2336. As such, Petitioner's conviction on Counts Three and Seven are valid if Hobbs Act robbery qualifies as a "crime of violence" under § 924(c)'s force clause. Recently, the Fourth Circuit squarely addressed this issue in United States

v. Mathis, 932 F.3d 242 (4th Cir. 2019), concluding that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." 932 F.3d at 266.

As such, because Hobbs Act robbery is a "crime of violence," Petitioner's convictions under 18 U.S.C. § 924(c) are valid. The Court will, therefore, grant the Government's motion to dismiss.

## IV. CONCLUSION

Having concluded that Petitioner's convictions under § 924(c) are valid, the Court will grant the Government's motion to dismiss.

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED**.

(2) The Government's Motion to Dismiss Petitioner's Motion to Vacate [Doc. 27] is **GRANTED**.

Signed: March 9, 2020

Max O. Cogburn Jr.
United States District Judge