UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:97-cr-333-MOC-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **LEROY J. KELLY,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's "Pro Se Emergency Motion for Judicial Recommendation," in which Defendant asks this Court to issue "a non-binding recommendation" to the Federal Bureau of Prisons (BOP) to run Defendant's subsequently imposed state sentence concurrently with his federal sentence, (Doc. No. 99), and on the Government's Motion to Dismiss Defendant's motion, (Doc. No. 108).

**I.     BACKGROUND**

Defendant committed a string of armed robberies in North Carolina and South Carolina in 1997. See (Doc. No. 1). He pleaded guilty to conspiracy to defraud the United States and two counts of using a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c), in exchange for the dismissal of the remaining eight counts against him. (Doc. No. 14, ¶ 1 (Plea Agrmt.)). In February 1999, this Court sentenced Defendant to 312 months of imprisonment, with 300 months of that sentence imposed for his § 924(c) offenses. (Doc. No. 27).

Over a year-and-a-half later, Defendant was convicted in Virginia state court of robbery and use of a firearm during the commission of a robbery. (Doc. No. 99 at 2–3, 7). The state court sentenced Defendant to 33 years of imprisonment, suspended after 10 years, for those

1

charges.[1]  (Id. at 2).  Nineteen years later, on November 13, 2019, Defendant filed the present motion, requesting this Court to make a non-binding recommendation to the BOP that his federal sentence run concurrently with the later-imposed state sentence.  (Doc. No. 99).  Defendant was released from federal custody less than a month later, and he was then transferred to state custody in Virginia.  See (Doc. No. 101).  This Court ordered the Government to respond to the motion, and the Government responded in opposition to the motion by filing its own motion to dismiss Defendant's motion.  (Doc. No. 108).

**II.    DISCUSSION**

It is not clear under what authority Defendant seeks a recommendation from this Court.  Pursuant to 18 U.S.C. § 3584(a), a district court may, at the time of sentencing, impose a sentence to run concurrently or consecutively as to any anticipated state sentence.  However, "it is always more respectful of the State's sovereignty for the district court to make its decision up front rather than for the Bureau of Prisons to make the decision after the state court has acted."  Setser v. United States, 566 U.S. 231, 241 (2012).  Regardless, because Defendant is no longer in BOP custody, any recommendation to the BOP would be moot.  Accordingly, Defendant's motion is dismissed as moot.[2]

---

[1] The Government notes that, although Defendant does not include the state court judgment, it appears from the detainer information in his BOP records that the state court sentence was to run consecutively to his federal sentence.  (Doc. No. 99 at 7–8).

[2] Furthermore, as the Government notes, even if Defendant were still in BOP custody, this Court lacks the authority to recommend that he serve his state and federal sentences concurrently.  Due to the statutory requirement in 18 U.S.C. § 924(c) that no term of imprisonment imposed for such an offense run concurrently with "any other term of imprisonment," the sentences for Defendant's Section 924(c) offenses cannot run concurrently with his state sentence.  See United States v. Gonzales, 520 U.S. 1, 11 (1997).

**IT IS THEREFORE ORDERED** that Defendant's "Pro Se Emergency Motion for Judicial Recommendation," is **DISMISSED** as moot (Doc. No. 99), and the Government's Motion to Dismiss, (Doc. No. 108), is **GRANTED**.

Signed: January 9, 2021

Max O. Cogburn Jr
United States District Judge